UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

BEN WESTBROOK,

                                            Plaintiff,

                  -against-

THE CITY OF NEW YORK; COMMISSIONER RAYMOND W. KELLY; COMMISSIONER MARTIN F. HORN; LT. ISA ABBASSI; SGT. TROTMAN; P.O. JASON MORALES, Shield # 8213; P.O. BENJAMIN DINKINS, Shield # 7176; P.O. JOHN DOES # 1-2; WARDEN JOHN DOE # 1; SUPERVISOR C.O. JOHN DOE # 1; C.O. CARRINGTON; C.O. ALEXANDER; C.O. SMALLS; and C.O. HARRIET, the individual defendants sued individually and in their official capacities,

                                            Defendants.

**SECOND AMENDED COMPLAINT**

08 CV 0785 (BMC)

ECF Case

Jury Trial Demanded

------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

       1.     This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  The claims arise from an incident(s), which occurred on or about January 27, 2006, through December 5, 2006.  During the incident(s) the City of New York and members of the New York City Police Department ("NYPD") and the New York City Department of Correction ("DOCS") subjected plaintiff to, among other things, false arrest and imprisonment, excessive force, unlawful search and seizure, malicious prosecution, unlawful strip-search, assault and battery, conversion of chattels, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent

supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

2. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff Ben Westbrook is a resident of the State of New York, Kings County.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

7. Defendant Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8. Defendant Martin F. Horn is the Commissioner of the DOC who violated plaintiff rights as described herein.

9. Defendant Lieutenant Isa Abbassi is a New York City Police Supervisor, employed with the 77th Precinct located in Brooklyn, New York who violated plaintiff's rights as described herein.

10. Defendant Sergeant Trotman is a New York City Police Supervisor, employed with the 77th Precinct located in Brooklyn, New York who violated plaintiff's rights as described herein.

11. Defendant Police Officer Jason Morales is a New York City Police Officer, assigned Shield # 8213, employed with the 77th Precinct located in Brooklyn, New York who violated plaintiff's rights as described herein.

12. Defendant Police Officer Benjamin Dinkins is a New York City Police Officer, assigned Shield # 7176, employed with the 77th Precinct located in Brooklyn, New York who violated plaintiff's rights as described herein.

13. Defendant Police Officer John Does # 1-2 are New York City Police Officers employed with the 77th Precinct located in Brooklyn, New York who violated plaintiff's rights as described herein.

14. Defendant Warden John Doe # 1 is a New York City Correction Warden employed at C-74 (Rikers Island) located in East Elmhurst, New York, who violated plaintiff's rights as described herein.

15. Defendant Supervisor C.O. John Doe # 1 is a New York City Correction Supervisor employed at C-74 (Rikers Island) located in East Elmhurst, New York, who violated plaintiff's rights as described herein.

16. Defendant C.O. Harrington is a New York City Correction Officer employed at C-74 (Rikers Island) located in East Elmhurst, New York, who violated plaintiff's rights as described herein.

17. Defendant C.O. Alexander is a New York City Correction Officer employed at C-74 (Rikers Island) located in East Elmhurst, New York, who violated plaintiff's rights as described herein.

18. Defendant C.O. Smalls is a New York City Correction Officer employed at C-74 (Rikers Island) located in East Elmhurst, New York, who violated plaintiff's rights as described herein.

19. Defendant C.O. Harriet is a New York City Correction Officer employed at C-74 (Rikers Island) located in East Elmhurst, New York, who violated plaintiff's rights as described herein.

20. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

21. The following is a summary set for the purpose of demonstrating and providing notice of plaintiff's claims against defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

22. On January 27, 2006, at approximately 3:00 p.m., in the vicinity of 1226 Lincoln Place, Brooklyn, New York, police officers assigned to the 77th Precinct, including upon information and belief, defendants Sgt. Trotman, P.O. Morales, P.O. Dinkins and P.O. John Does # 1-2, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

23.     Plaintiff was walking outside of 1226 Lincoln Place, Brooklyn, New York with a friend.

24.     Thereafter, without either an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime, defendants Sgt. Trotman, P.O. Morales, P.O. Dinkins and P.O. John Does # 1-2 falsely arrested plaintiff.

25.     Once plaintiff was stopped, he was not free to disregard the defendants' questions, walk way or leave the scene.

26.     During the arrest of plaintiff, Sgt. Trotman, P.O. Morales, P.O. Dinkins and P.O. John Does # 1-2, maliciously, gratuitously, and unnecessarily grabbed plaintiff, threw plaintiff to the ground, punched plaintiff, struck plaintiff with batons, twisted plaintiff's arms, and placed excessively tight handcuffs on plaintiff's wrists. Those defendants who did not touch plaintiff failed witnessed this unlawful conduct but failed to intervene and protect plaintiff. At least one witnesses observed the defendants' illegal conduct.

27.     Thereafter, Sgt. Trotman, P.O. Morales, P.O. Dinkins and P.O. John Does # 1-2 transported plaintiff to the 77th Precinct in Kings County where they denied him medical care, and struck with a baton in the chest when he tried to call out to a member of the Internal Affairs Bureau who had come to investigate the circumstance of his arrest. In addition, the defendants unlawfully converted $125.00 belonging to plaintiff.

28.     Defendants Sgt. Trotman, P.O. Morales, P.O. Dinkins and P.O. John Does # 1-2 transported him to Kings Central Booking where he was subjected to depraved, filthy, and inhumane conditions of confinement.

29. Defendants Lt. Abassi and Sgt. Trotman supervised P.O. Morales, P.O. Dinkins and P.O. John Does # 1-2 in the above described unlawful acts, and approved plaintiff's false arrest.

30. The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

31. In addition, while plaintiff was at the Precinct and Central Booking, the defendants, including Sgt. Trotman, P.O. Morales, P.O. Dinkins and P.O. John Does # 1-2, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiffs had committed a crime, and based on the defendants' false allegations, the District Attorney's Office prosecuted plaintiff under case number 2006KN006553.

32. After arraignment, plaintiff was remanded on bail to the custody of C-74 (Rikers Island) located in East Elmhurst, New York. While at C-74, defendants Warden John Doe # 1, Supervisor C.O. John Doe # 1, C.O. Harrington, C.O. Alexander, C.O. Smalls, and C.O. Harriet subjected plaintiff to a non-private strip search(es).

33. Plaintiff was subjected to the DOC's unlawful policy of strip-searching in public regardless of reasonable suspicion or probable cause. He was forced to squat and expose his private areas.

34. The fact that the strip search of plaintiff was carried out in a non-private manner is sufficient in and of itself to violate the Constitution. It is well established that, even where there is justification for a strip search the search must be conducted in a reasonable manner. A strip search is unreasonable if it is carried out in a non-private manner and in the presence of nonessential people, such as other detainees.

35. No illegal items, narcotics, or contraband were recovered from plaintiff during the above-described strip search.

36. Plaintiff was held in custody for approximately one-month until he was released on bond.

37. After several court appearances, the charges against plaintiff were dismissed on December 5, 2006.

38. The individual defendants acted in concert committing these illegal acts toward plaintiff.

39. The aforesaid events are not an isolated incident. Defendants Kelly and Martin were aware (from lawsuits, notices of claim and complaints) that many of the NYPD's and DOCS' officers are insufficiently trained on the proper way to use force, investigate an incident, treat innocent and/or uninvolved individuals who are found at an incident location, and conduct strip searches. Commissioners Kelly and Horn were further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Commissioners Kelly and Horn have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

40. Moreover, Commissioners Kelly and Horn were aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Commissioner Kelly and Horn have retained these officers, and failed to adequately train and supervise them.

41. Plaintiff did not resist arrest at any time during the above incidents.

42. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

7

43. The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

44. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

45. As a result of defendants' actions plaintiff experienced personal and physical injuries (including lacerations, contusions and soreness), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

**FEDERAL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

46. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47. The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment, excessive force, unlawful search and seizure, malicious prosecution, unlawful strip-search, assault and battery, conversion of chattels, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

48. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), First, Fourth, Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution by committing false arrest and imprisonment, excessive force, unlawful search and seizure, malicious prosecution, unlawful strip-search, assault and battery, conversion of chattels, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, unconstitutional conditions of confinement, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

49.     Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

50.     As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

51.     The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL CLAIMS AGAINST DEFENDANTS KELLY AND HORN**

52.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

9

53. Defendants Kelly and Horn are liable, in their official capacities, to plaintiff because: (1) they created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) they were grossly negligent in supervisor subordinates who committed the wrongful acts, and (3) they exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

54. Upon information and belief, defendant Kelly and Horn were aware from notices of claim, lawsuits, complaints, and the NYPD's own observations, that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

55. Nevertheless, defendants Kelly and Horn exercised deliberate indifference by failing to take remedial action.

56. The aforesaid conduct by defendant Kelly and Horn violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by failing to retrain the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred, or at Kelly's or Horn's Headquarters located in New York, New York, and creating a culture where officers are encouraged to harass and assault those question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees.

57. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear,

psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

58. The aforesaid conduct of defendants Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees.

**FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK**

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60. The City of New York directly caused the constitutional violations suffered by plaintiff.

61. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's and DOCS' own observations, that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

62. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, retrain, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass, assault citizens without consequence. Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

11

63. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

64. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   New York, New York
         July 2, 2008

        MICHAEL HUESTON, ESQ.
        *Attorney for Plaintiff*
        350 Fifth Avenue, Suite 4810
        New York, New York 10118
        (212) 643-2900
        mhueston@nyc.rr.com
        By:

        _____
        MICHAEL O. HUESTON (MH-0931)